insert such costs and disbursements, as taxed, in the judgment, affirmed, with ten dollars costs and disbursements, upon authority of *Hayward* v. *Clifton* [*ante*, p. 802], decided herewith. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

In the Matter of Proving the Last Will and Testament, and Codicil Thereto, of JOHN E. GREENWOOD, Deceased, as a Will of Real and Personal Property. EDWARD H. CARNER and Others, Appellants; HUGH M. GREENWOOD, Respondent. — Decree of the Surrogate's Court of Kings county, admitting will and codicil to probate, unanimously affirmed, with costs to respondent payable out of the estate. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

In the Matter of the Petition to Set Aside the Election of FRED G. LEMMERMAN as a Trustee of Kings County Savings Bank.— Order denying application to set aside the election of Lemmerman as trustee of Kings County Savings Bank, to adjudge and decree that three of the trustees of said bank had forfeited their offices as such trustees and that Schwartz was a duly elected trustee, and for other relief, affirmed, with ten dollars costs and disbursements. Section 32 of the General Corporation Law, under which the application is made, has to do with the regularity and legality of corporate elections. The relief prayed for by the petitioner, in our opinion, goes far beyond that contemplated by the statute authorizing these summary proceedings. The court is of opinion that, under the facts and circumstances of the case, the question involved in the claim that the offices of three trustees were vacant and that, therefore, the trustees were incapable of voting, may not be determined in a proceeding under section 32 of the General Corporation Law, but must be determined by appropriate court action (*Matter of Clarke, Inc., Nos. 1, 2,* 186 App. Div. 216) or by action of the trustees under subdivision 1 of section 268 of the Banking Law. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

In the Matter of Arbitration: PARKER NEWHALL, Respondent, v. ROYAL INDEMNITY COMPANY, Appellant.— Order denying motion to dismiss petition and set aside verdict, and order directing that arbitration proceed, affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Manning, Young and Kapper, JJ., concur; Lazansky, J., dissents.

ALBERT KALISH, Respondent, v. COMMODORE KNITTING MILLS, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

FREDERICK J. KNOB, Respondent, v. MARY DOEPFER and REGINA MARSHEIDER, Appellants.— Order granting plaintiff's motion for reargument and, on reargument, setting aside verdict and granting a new trial, unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

ARCHIBALD H. KURLAND, Appellant, v. UNITED CITIES REALTY CORPORATION, Respondent.— Judgment dismissing complaint on the merits unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

HARRY LEVINE, Respondent, v. AARON HONIG, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

JOSEPH LEVINE, an Infant, by HARRY LEVINE, His Guardian ad Litem, Respond-

ent, v. AARON HONIG, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

MICHAEL J. McGRATH, as President of LOCAL UNION No. 418, UNITED ASSOCIATION OF PLUMBERS AND GAS FITTERS OF THE UNITED STATES AND CANADA, Appellant, v. CHRIS G. NORMAN, Individually and as Chairman of the BOARD OF GOVERNORS OF THE BUILDING TRADES EMPLOYERS' ASSOCIATION, and Others, Respondents.— Order denying plaintiff's motion for injunction *pendente lite* affirmed, with ten dollars costs and disbursements, upon opinion of Mr. Justice MAY at Special Term. (See, also, *Moran* v. *Lasette, ante,* p. 118.) Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

WALLACE P. MOORE and KATONAH LUMBER, COAL & FEED COMPANY, INC., Appellants, v. JANE M. FRESTON and THOMAS E. FRESTON, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

CORNELIUS J. MORRISSEY, as Administrator, etc., of JOHN MORRISSEY, Deceased, Respondent, v. SLAUGHTER W. HUFF and ROBERT C. LEE, as Receivers of the Property of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, etc., Appellants.— Judgment reversed upon the law, and new trial granted, costs to abide the event. The court charged that " the defendants having pleaded without alleging any contributory negligence upon the part of John Morrisey, his contributory negligence is not involved; it is not at issue here in this case." This very definite instruction that they must not consider the question of contributory negligence was emphasized by the court in refusing to permit defendants to amend their pleading so as to bring the question of contributory negligence into the case. The last word to the jury was, therefore, that the question of decedent's contributory negligence was not to be considered. These errors require a reversal. Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ., concur.

PHILIP MULLER, JR., Respondent, v. I. C. REFRIGERATION COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. (See *Grant* v. *Knepfer,* 218 App. Div. 784; affd., 245 N. Y. 158.) Present — Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ.

OVERSEAS STORAGE COMPANY, INC., Respondent, v. ANTHONY J. CHLOPECK, Individually and as the President of the INTERNATIONAL LONGSHOREMEN'S ASSOCIATION and Others, Appellants.— Order denying, conditionally, defendants' motion to dismiss complaint, and to vacate injunction *pendente lite,* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Young, Kapper, Lazansky and Hagarty, JJ., concur.

THE PATCHOGUE INVESTMENT COMPANY, Plaintiff, v. GEORGE J. WISE and PUGET REALTY Co., INC., Defendants.— Upon submission of controversy on agreed facts, judgment directed for plaintiff in the sum of $347.57, upon the ground that the clause for the apportionment of taxes contained in the contract must be construed to mean taxes that were fixed and determined at the time the deed was given. In this case the tax levied at the end of 1924 was to cover the fiscal year of 1925, as provided in section 144, article VI-A, of the Town Law,* and the contract cannot be construed as applying to the tax levied

* Added by Laws of 1916, chap. 396.— [REP.